Case number 24-5144. Linda Martin, appellant for the Federal Bureau of Investigation and Cash Patel in his official capacity as Director of the Federal Bureau of Investigation. Mr. Fromer for the appellant, Mr. Koppel for the appellees. Good morning. My name is Robert Fromer for Appellant Linda Martin. This case involves a challenge to the FBI's forfeiture notices, starting with mootness, if I may. The District Court correctly held that the putative class's claims were inherently transitory. But as we noted in last week's 28-J, the court's sequencing then got jurisdictionally tangled. It should have first granted the effectively unopposed class certification motion and only then dismiss the class claims under Rule 12b-6. Instead, it did the opposite, dismissed those claims without raising a and then denied the certification as moot. Could I just be clear? If the District Court jumps to the merits and says the merits are unpersuasive, what's the problem with saying, well, if I'd get granted class certification, the issue would be moot because there's no cause of action. I understand that procedurally, but I wonder in terms of substantively, how does it harm your client here? Well, the misordering, missequencing here meant that the District Court, arguably in dismissing the claims, acted without jurisdiction because Linda Martin's individual claim everybody had conceded was moot at the time of the decision. So at that point, the only thing before the court was putative class's claims. Well, the District Court did say that the class action didn't take that as moot. You're right, Your Honor, and the District Court was correct in holding that the class claims fit under the inherently transitory exception. But once that happens, at that point, jurisdictionally, the only thing that could be before the court is the putative class's claims, which means you have to certify it. You haven't raised a single argument in this court until a 28-J letter suggesting there was any error whatsoever in how the District Court handled the class action certification question, and in fact, dropped a footnote affirmatively, not waiving the issue, but affirmatively telling us to leave it, the District Court's judgment of mootness as to class certification in place. So I don't understand why you get to now argue that the District Court didn't do it right and didn't have jurisdiction. You made an affirmative choice to ask this court to keep that part of the District Court's judgment intact. So we'll take you at your word. And then the only question is, do we have anything before us regarding Ms. Martin's allegations? And you just said everyone agrees that's moot. Yes, Your Honor. I would say at that point, the only thing that we were conceding is that the District Court correctly held that the class claims, the putative class claims were inherently transitory. That's not what you said. You said the government opposed class certification only as moot. If this court reverses and remands, and the only thing brief to us that we could reverse and remand on are whether Ms. Martin's claims were properly dismissed on the merits, it, the court, should leave the trial court's ruling on mootness undisturbed. Yes, the inherently transitory exception. That's it. You just said the ruling. We don't review words and opinions. We review judgments. The last words of the opinion, if that's what you want to talk about, are class action certification is moot, and the judgment is the class certification question is dismissed as moot. And so if you wish to change a judgment, which sounds like you really want to do, you think the court lacked jurisdiction to do that, you need to brief that issue to this court. And one footnotes, virtually never sufficient to raise a merits argument, let alone to ask for a change in the judgment. And two, it's definitely not the place to do it when your footnote says, leave the district court's ruling in place. I understand your honor. I think that's true. Then that's, we don't have that issue before us. And you just agreed that Ms. Martin's claims are moot. Well, your honor, I'd respectfully, I disagree about the, what we meant in that footnote. We were specifically talking about the inherently transitory exception. It did not come with a decoder ranking. I understand that your honor. And I would note that given this jurisdictional issue, both the 10th circuit in Medina and the second circuit in Milan is excused forfeiture. And I agree with you that we didn't raise this, but this is more than forfeiture. This is an express argument to leave the trial court's ruling. And this is both the end of its opinion and its judgment on mootness undisturbed as to class certification. That's the opening line of the footnote. Your honor. So that's more than just not thinking to say anything. I'm, I'm, I'm the only thing I can say, your honor, is by that we meant the inherently, the district court's ruling that the class claims were inherently transitory. That's the only thing we were talking about. They're not the overall, I mean, at that point, if we were agreeing that both the, that the court properly denied the class and dismissed the claim, we wouldn't be here. Mr. I mean, didn't the district court here rule in your favor by saying that the last question was moot? I mean, it's effectively, I mean, it's, it's in your favor because, because it's ruling was that the claims were inherently transitory and reading your footnote in light of what the district court wrote, I understood you to be saying that you would leave that intact. Yes, your honor. And so it on whether it was inherently transitory. It was a ruling about if her individual claims are moot, the class claims are nonetheless not moot because of inherently transitory. So that was a ruling in your favor from which you are not appealing. Yes, yes, your honor. I think it's not very clear in your brief. I apologize for that, your honor. I, I, yes, but I would know that this goes back to the jurisdiction of the court in reaching the 12 B six properly. So are you saying now that the district court didn't have jurisdiction to do that because having concluded that the claims are inherently transitory, it then has before it the class claim, you know, and, and part of the class claim is Ms. Martin's claim as the lead plaintiff. And so it is often the case that district courts decide dispositive motions before deciding class certification motions. I agree on it, your honor. The key difference here is that now let's say Ms. Martin's individual claims were alive throughout the MTA throughout that period. Then yes, the court could definitely have reached the 12 B six and then denied certification as moot. The issue is that everyone, the court opposing counsel agreed that her individual claims were moot, which means at the point that the district court said that these are, these class claims are inherently transitory. There's no class in front of the court. There's no entity with just by which you can assume jurisdiction and then rule say, oh, these class claims, oh, they do state a claim or if they don't state a claim, it's until that point. That's why the 10th circuit in Medina, uh, even with the forfeiture. And again, I understand your honor, even with the forfeiture recognizes this went to the court's subject marriage jurisdiction and basically vacated and remanded. Are you now seeking, I think there are two not seeking reversal of the motion to dismiss. Well, your honor, I think that there's I think if this court shares the 10th circuit and the second circuit's jurisdictional concerns about whether that that dismissal is even jurisdictionally in front of you properly, then I think the best thing to do would be to follow the 10th and the second, just vacate, remand, have the court just redo everything in the correct order, the correct sequencing, and then there would be a live, uh, 12 B six. Now, if the court doesn't ask for vacature, what's that? You haven't asked for that relief. Well, I asked for that relief. You haven't asked for vacature of the district court decision. You haven't asked anywhere in your briefs for us to follow these 10th or 10th or second circuit cases. The other side hasn't had a chance to brief it. You've asked for reversal, and you've asked honest to goodness for reversal, um, dismissing Linda's claims, not even the class games, Linda's claims. But you agree they're moot. I don't know how on earth we should reverse decision dismissing Linda's claims because those are definitely moot. So I just, I don't know. I'm not familiar with a practice in this court of not taking briefs at their word when they say to leave something intact and then giving different relief than is requested in the blue brief and sending something back based on an argument never presented anywhere in any of the appellants briefs. I mean, you're asking for an awful lot. I understand your honor. And it's and we get no adversarial presentation. You're like, well, here's these other circuits that have done this thing, but we don't have adversarial briefing on what they've done, whether what they've done makes sense. And we don't have adversarial briefing on how we have treated forfeiture and or waiver, let alone an affirmative argument to leave a ruling intact. Um, it's really hard for me to know how I'm supposed to rely on those other circuit decisions when there's no adversarial briefing. I understand that your honor. And I wish I could go back and some of the briefing, but to make things more clear, all of the briefing, because the brief is all about Alinda's claims. Oh, well, I respectfully, I agree that there was some, there might be some confusion about the specific language that's being used. But we were talking at that point in the briefs about the viability of a due process, a due process challenge to the notice provisions contained in the FBI notices. And I would say if this court, you say it should dismiss anything as to the class, where do you argue it's a class? Cause I just see, you know, the operative actor and every one of your arguments is Linda, Linda, Linda. I'm sorry to use her first name. I'm following your own. I would call her Ms. Martin, but, um, your conclusion is as to dismissing Linda's claims. Um, uh, the sentence before that in the brief is about Linda's claims. I think every turn you go, it's about Linda's claims. I mean, you know, Linda must show up in here many, many, many, many times. And I don't see you talking about the class potential class claims or class potential class claims. Well, I understand your honor in that situation we were, and I apologize for the imprecise language, what we were talking about there is the only thing that was before the district court at that point were the putative class claims. And that's what he dismissed. There were essentially two entities before us or before the district court, Ms. Martin's claims and the class claims. Yes. So it doesn't seem imprecise. It seems like a choice was made. A choice was made in the briefing to frame this all in terms of Ms. Martin's claims. I understand that wasn't the intent, your honor, but I do understand. I would say that, uh, in that situation, the easiest we want, obviously we care about this issue. Linda cares about this issue. This is an important issue that's affecting thousands of people nationwide, and it's happening every single day. And to the extent that the, uh, uh, the, we didn't present the arguments in such a place where the court can rule on the merits. And then we would just ask we'd be sent down because the court, this report, jurisdiction, how can we do that? What's sorry, your honor. We don't have any jurisdiction and we just dismiss the appeal. That's that's our, if we don't have jurisdiction over Ms. Martin's claims, do you agree? Yes. We don't have jurisdiction over this whole procedural argument you want to make about what should have been done with the class because there's no class. That's true. I mean, that's what your places you have cited to us say, we can't do anything. There's no class. I understand your honor. And that's why I think just miss the appeal. Mr. Farmer. I mean, I think you have to start with some sort of theory about what the district court did here. And the district court says that Ms. Martin's individual claims are moved. And then it has before it too. And then it says there's the inherently transitory exception to mootness applies. And so it seems at that point, the district court has two options. They can rule on the 12 V six motion, or it can certify the class and we'll on the 12 V six motion. And once it's decided that the inherently transitory exception to mootness applies, why can't it go in either direction? It can't go in. And so why do you think it can't go in either direction? Because your briefing assumes that it can go in either direction. It seems to me, which is why it addresses the merits. And so I feel like not only is the briefing confusing, but, but I don't, I'm not sure I understand why you are arguing what you are arguing here with respect to, to what the district court did. And therefore what is before us on appeal before the district court, everybody agreed there. Uh, uh, Linda Martin's individual claim was moved. The court said that the class claims were inherently transitory. And the problem is, is at that point, because that was the only entity with life or potential entity with life claims that that class, that legal entity need to be raised in order to, uh, in order for the court to pass on the legal sufficiency. That's not true in a case where, for instance, if the district had not found that Ms. Martin's claims were moved, it could decide either to first certify the class and then consider the merits or, you know, consider the motion to dismiss first. So why is, why is the mootness of Ms. Martin's claims? Why does it change that optionality after the district court has determined that a mootness exception applies? So that decision may be wrong, you know, that's a separate question. But if we assume that the inherently transitory exception applies or some other exception applies, why are the same two choices not still before the district court? Well, based on the, because your honor at that point, uh, if, if Linda, if, if, uh, Linda Martin's individual claims are still alive, then that would be available. But because our claims were moot at that point, there was simply no legal entity under which the court could assume subject matter jurisdiction to then reach the merits of that entity's claims. So why is it impermissible? I mean, in effect, although the district court's reasoning may not be entirely clear, it seems the district court sort of assumed that a class could be certified and then reached 12B6. So why is that? I mean, district courts do this all the time where they, they decide a motion to dismiss rather than go through the process of certifying a class. I, I, I would understand that your honor. And I think if the, uh, end of the district court's judgment had done that, if it had gone and said, I'm going to provisionally serve, I'm going to, these claims are inherently transitory. I'm going to provisionally certify the class. I'm within going to dismiss the class claims that's under 12B6. And then I'm going to decertify the class or something like that. That would have been procedurally proper, but instead what the district court did is it expressly denied the class motion certification, which means there was never a class. There was never even a provisional class. No, it just, it didn't deny class certification. It said they were moot because of the 12B6. Well, I mean, it says it denied it as moot in light of the 12B6, but think about judicial economy here. So we would remand under your new view for the district court to certify the class and then presumably just reach the same decision on the merits. Yes. And what would be the purpose of that? Well, I think that at that point, what would be gained by that? Well, I think this court can, if this court isn't, isn't concerned about jurisdiction can reach the stated basis for the class for the denial of the class certification, which was the district court's erroneous views on the, on the merits. And I agree with you in the sense that sending something back down to the beat, to, to get rearranged and then sent back up. I mean, the important thing here, the reason there's a real difference of the constitution and article three, because finding that claims are inherently transitory. It doesn't mean that there's a party before the court. And I agree with you on these cases that having said that Ms. Martin's claims are moot, the court couldn't, had no jurisdiction to address the merits until it found, actually found another party before it, whose claims we know would then not be, would then under the district courts, there at least be inherently transitory. So it had to have a class or maybe a new name plaintiff or something, but had to have a body before it, that had jurisdiction before it had any authority to address the merits. That's exactly right. You're now pursuing an appeal for which you believe there's no jurisdiction. I, I wanted to give the court one of two paths. I think the first path, the jurisdictional path, the path that was followed by the 10th and the second makes the most sense given the, the sequencing order and the, and the fact that that sequencing order affected the district court's subject matter jurisdiction. If the court doesn't share that concern, then I'm happy. How did the 10th Circuit Court have jurisdiction, 10th or second have jurisdiction if there was no class yet status certified and the name plaintiff is out on moot? Because in both those cases, the district court dismissed the class claim just without reaching the class certification issue. And then as Garrity says, uh, uh, a putative class, uh, representative has standing to appeal the denial of class certification, which is exactly what we've done here. Even when their claim is moot? Yes. Even when their claim is moot. No, the whole point is that we, there's nothing for us to decide other than. Not her, not Linda Martin as an plaintiff, your honor, but Linda Martin as a class representative. And what's both, uh, what the Supreme court made clear and guarantee is that even if, uh, you are dismissed and your individual claims are moot, but you want to serve your, your position as a class representative, you have the jurisdiction, you have authority to appeal that class cert denial. And that's exactly what we did here. And that's what happened. That's what you're arguing now, your 28 J letter. So your 28 J letter is advocating. Well, we, we've always, we always ever since, uh, the change in, uh, the federal rules of appellate procedure, any appeal of a judgment also appeals all the collateral or all the orders that are subsumed within it. So that's absolutely, you are absolutely correct about that. My question is we then expect the appellant to decide which issues are raised to us. Yes, your honor. Mr. Rogers, do you have more questions? I'll give you a couple of minutes on rebuttal. Okay. Thank you morning. Your honors may please the court. I'm Josh couple for the FBI. I'd like to start with a jurisdictional issue that you were just discussing with counsel. I just want to take a step back and explain exactly the point here. So in an ordinary case where the class representative or the proposed class representatives claim is not moot, the district court has discretion to decide first a motion to dismiss or first a motion to certify a class action, but where the individual, the name plaintiffs claim is moot. At that point, there is no plaintiff before the court withstanding to present the merits of the claim. And so in that case, the district court can't consider the motion to dismiss. It first has to consider the motion whether to certify a class. If it grants class certification, then now you've got a class of people who can present the claim on the merits, and then the district court can consider the merits. The district court though here effectively said, although Ms. Martin's claim is moot, it fits within the inherently transitory exception. And so her claim effectively relates back. And so the class claim is alive as if her individual claim was not moot. And then why would the district court not have the same option to either rule on the class certification motion or the 12v6? Because that's the ordinary course. So we're sort of skipping. Yes, if he hadn't said that there was an exception to mootness, I think it's right that we would have. But he said there was an exception, and then he proceeded to do what he did. But I do want to get back to the inherently transitory exception later. But just assuming that is correct, that the inherently transitory exception does apply, why could the district court not choose to do what he felt was more efficient and dismiss on the merits? So the inherently transitory exception, like any other exception to mootness that could possibly apply, doesn't make the named plaintiff's claim still live, nor does it join before the court all of the proposed class. It just allows the district court to continue to consider the motion for class certification. If it grants that, then the class, not the plaintiff, because her claim is clearly moot, but the class of people with live claims, it's like the class certification relates back to the time of the filing of the complaint. So the Supreme Court addressed this in Garrity. It addressed it in Roper. And it said that where an exception to mootness applies, that only allows the district court to go ahead to consider the class certification. It doesn't allow the court to go ahead to address the merits. The court applied this in Alvarez v. Smith. In that case, the named plaintiff's claim had become moot. The plaintiffs had not appealed the denial of class certification. So the Supreme Court said it didn't have anything before it that it could rule on. Here, certainly it is correct that the denial of class certification merged into the final judgment here, but plaintiffs haven't challenged the denial of class certification in their brief, in their opening brief, not even in their reply brief. They kind of hinted at it as a possibility in their 28-J letter. Here at oral argument today was the first time that I really heard them agree that the district court lacked jurisdiction to do what it did. And so now they're arguing for the case to be sent back for this morass to be sorted out, but they can't advance that argument, advance that remedy for the first time at oral argument. I'm happy to address additional questions on that issue if you have. Otherwise, I do want to make sure we get to the inherently transitory exception. So if we were to agree that the district court decided this in the wrong order, what is the remedy? To send it back for the district court to consider the class certification? I think that because plaintiffs did not ask for that in their opening brief, they didn't point out this error, even in their reply brief after we had identified it. I think that they forfeited that remedy. I think that this court should dismiss for lack of appellate jurisdiction. Mr. Hobble, I mean, I think the government's briefing on the mootness question is a little misleading, because the plaintiffs prevailed on the question of the class certification being moot. I mean, that was a decision in their favor, right? Because it was based on the inherently transitory exception to mootness. Well, the denial of class certification as moot was a decision against them. The decision that there was an exception to mootness applied so that their could continue. That was a decision in their favor. It was, and they were saying that they were not challenging that, right? Because it was a decision in their favor. The application of an exception to mootness, but that is different than the denial of class certification as moot. I mean, there's two kinds of mootness here, right? There's the mootness of the claim, a plaintiff's claim, because her property was returned to her. The district court found an exception to mootness to allow the class claims to go forward. That was a ruling in their favor. Separately, then the district court considered the motion to dismiss without jurisdiction. It did consider that motion to dismiss, granted it, and then denied the motion for class certification as moot. That was a ruling against the plaintiffs because it was a denial of their motion for class certification. I think that, so again, plaintiffs here have forfeited what they now seek as the remedy, which is to send it back to the district court to do things in the reverse order. I think that if, you know, if they had preserved that argument, that potentially could be done. I think that Judge Rye, your question earlier is correct that it would seemingly be, you know, we'd be back here in a year arguing the merits of this. But, you know, there is a jurisdictional problem here. We have an obligation to point out an error, a deficit of jurisdiction before the court. Is there a jurisdictional deficit if the inherently transitory determination was correct? Yes. Why is that? Because the government doesn't really explain that. Because the district court, even if the inherently transitory exception applied, the district court still did not have jurisdiction to consider the motion to dismiss. It first had to consider the motion for class certification. If that was granted, then the class of individuals with similar claims would be before the court. And now there would be a live controversy on the merits presented to the district court. Is there a case setting out that rule? So Garrity says it, Roper says it, and then Quite in this posture, though. I mean, you know, in this sort of, you know, something that is more like squarely like this. So the Supreme Court and U.S. Parole Commissioner versus Garrity, so in that case the named plaintiff's claim had become moot after the denial of class certification. And the Supreme Court there said a named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified. There was no determination by the district court of the merits of the class certification, right? So in Garrity, there was a denial of the class certification, like on the merits of whether a class could be certified. Here, the district court didn't make a decision like that. Instead, it went to 12 v. 6. I think this case is the same as Alvarez v. Smith. There, the named, I believe the named plaintiff's claim in Alvarez became moot before the denial of class certification. Well, the named plaintiff's claim became moot. The district court granted a motion to dismiss and denied class, I'm sorry, the named plaintiff's claim was live. The district court granted a motion to dismiss and denied class certification as moot. While the case was before the Supreme Court, the named plaintiff's claim became moot. And the Supreme Court said at this point, because the named plaintiff's claim is moot and no class has been certified, we cannot address the merits. We have to, we lack jurisdiction. In that case, the court vacated the decision below but that part of the opinion is independent. So I think that Alvarez v. Smith is essentially this case. I think it controls. Even if this, with the court's permission, I would like to address the inherently transparent- Judge Rogers, did you have a question? I just wanted to be clear. Some of these cases, it seems to me, turned on timing in the terms of when the district court was addressing the individual claim. So we don't have quite the sequence that we have here, where the district court had ruled on it. I think the sequencing- Some of those cases, we're talking about picking off. All right. So the court was trying to avoid that situation. So now, we have this inherently- Well, all right. I'll let you finish your point. The situation is not exactly the same in terms of the sequence, but I think that the Supreme either the named plaintiff with a live claim or the rest of the class, once it's been certified, and until the class has been certified, they're not before the court. So unless there's the named plaintiff with a live claim or the rest of the class with live claims before the court, the district court doesn't have jurisdiction to address the merits. It does seem, though, then, as a remedy, at a minimum, we need to remand to the district court to class certify because there was, at least on your view, there was a mistake in going to the district court. And then that decision, if we don't remand for that consideration, then it's ruling below the offense essentially becomes unreviewable. I think if the plaintiffs had appealed the denial of class certification as moot, if they had said the district court should not have denied our motion for class certification as moot because it shouldn't have addressed the merits in the first place, it should have first considered our motion for class certification, granted it, and then addressed the merits, I think that you would be correct that the court would reverse the dismissal and remand to the district court to consider the motion for class certification. But plaintiffs forfeited that, forfeited or waived that argument by not raising it in their opening brief and not even in their reply brief. But don't we, to Judge Rau's point, don't we still need to vacate, even when we dismiss the appeal, don't we also need to vacate the district court's decision because it has now come to, I think, everyone's attention that that also was entered without jurisdiction? I think this court could vacate the district court's decision as well because, yes, it was entered without jurisdiction. Oh, here the notice was dated June 10. And then the FBI answered, and then the plaintiff filed a motion for class certification. And it wasn't, that was in April of 2023. And then she received the money by electronic transfer, I see it, on July 10. That's right. So at that point, your argument was, well, her claim is certainly moved. And the district court, in saying that the class action wasn't moved, still had to just procedurally establish its jurisdiction by saying there was a Rule 23 class action here. That's exactly right. The district court first had to certify a class in order to have any live claims before it that it could consider on the merits. And so there's no way the court could sort of jump to the merits. That's correct. It's not quite a steel company argument, but it's close to that. I'm sorry? Well, I was just trying to understand, you know, before steel company courts all the time, assuming we had jurisdiction, you know, you lose on the merits. So I'm just going to dismiss the whole case. Yes, that's exactly right. Under steel company, the court first had to assure itself of jurisdiction, or in this case, create jurisdiction, basically, by striking a case. Certifying a class before it could rule on the merits. There's no doubt that there was no jurisdiction here. Well, I wasn't quite clear from the record in this case, where there are all these declarations by other people, whether any of that was before the district court. The motion to certify a class was before a district court, but those individuals were not plaintiffs, were not joined to the case. Right. I say, matter of time, I'm happy to discuss the other issues, including why the court erred in finding the inherently transitory exception applied. Rogers, do you have more questions? No, thank you. I do have a lot of questions about the merits, but it seems that even your colleague on the other side has suggested we no longer have jurisdiction to consider that. Thank you very much, counsel. Mr. Farmer, we'll give you two minutes. Just a couple of small points, your honor. I understand that my opposing counsel is saying that we're on all fours with Alvarez, and I'd say that respectfully, we're not. For the fundamental reason I mentioned before is that in Alvarez, the plaintiff's counsel had failed to appeal the class cert denial, and the case went up, and that's what the issue was. In that case, and why the court lacked jurisdiction, here we did appeal the class cert denial. It was subsumed, and that's basically what I was talking about before. The notice of appeal in Alvarez didn't work the same way your notice of appeal works? That's exactly right, your honor, because the rules of appellate procedure changed between Alvarez and now. So as to, as I think I put in, remove that trap for the unwary by subsuming all the orders into the judgment being appealed. In our case in Lewis v. Becerra, so even if we assume that your brief was arguing that Ms. Martin was here in her representative capacity for the class, we held that you have to demonstrate that Ms. Martin here has an injury from denial of the class certificate, not of her own claims, but from denial of the class certification, and established that she has appellate standing to bring this issue before us. Where have you done that in your briefing? Well, we articulated why she, the process that she went through, that she engaged in this litigation precisely to vindicate not only her own rights, but the rights of the class, but I understand you're talking about the personal stake requirement? The stake in the, not in the forfeiture issue, but in the class certification issue. And in that issue, it's more than just a, I believe in that case we said that it's just simply a desire, a bare desire to serve as class representative. This was a- To vindicate the law. Yeah, to merely, well, I believe in Lewis v. Becerra, they actually said like, we just want to have the opportunity to serve as class representatives, which this court said was not enough. I agree that there is- We all know that under Article III, a desire to see the law vindicated for other people, generically, is not sufficient. And so, have you argued here that she does have interest in class certification, an injury from the denial of class certification distinct from her, obviously, the injuries she had before her claim got paid? Well, I will concede that most of our briefing focused on the merits. I would say here that we didn't specifically argue the personal stake because, again, following the district court's lead, we were focused in on the 12B6 issues, the merits issues. And so, I think if we're able to go back down and get, if we'd be able to brief that properly. And I would just lastly, and I let the court, both the Tenth Circuit in the Medina case, it hit this exact same point where it realized, oh, we don't have jurisdiction. And then it immediately went, well, that means the district court didn't have jurisdiction either. And that's why it vacated and remanded. And it said there wasn't any forfeiture because it went to its subject matter jurisdiction. Similarly, in the Second Circuit case, there was, that court also said there was no forfeiture because there was no surprise to the government. And most importantly, the government here, I think the government in its appellee brief noted the jurisdictional issue. So, it doesn't seem that there was a surprise to it. I didn't get a chance to brief all these cases that you've now cited to us. I understand that, Your Honor. Any further questions? I'll let you finish your sentence. Okay. I was just going to say, the Second Circuit said there was no forfeiture precisely because the district court rested its class verification decision on the merits of the plaintiff's claims. And that's why it said forfeiture should be excused there. Okay. Thank you very much. The case is adjourned.
judges: Millett; Rao; Rogers